## CAYOL v. BALSEIRO & GEORGETTI.

APPEAL in cassation from a judgment rendered by the District Court of Arecibo.

No. 60.—Decided February 13, 1903.

FORECLOSURE OF MORTGAGES.—In the foreclosure of any mortgage, the provisions of Section 169 of the Regulations for the execution of the Mortgage Law must be strictly complied with.

APPEALS.—EVIDENCE.—Only documents that have been before the lower court can be considered on appeal. A certificate of the Registrar dated after the institution of the proceedings filed with the appeal for the purpose of correcting a defect in the one originally presented cannot be considered by the appellate court.

### STATEMENT OF THE CASE.

By deed executed in the town of Manatí, before Notary Public Francisco Irene Nater, on the 7th of June, 1894, Josefa Cayol y Juliá, in her own right, and Jaime Anexy y Cayol as attorney in fact for Catalina Juliá y Fabregas, sold to the agricultural firm of Balseiro & Georgetti the estate known as "Plazuela", situated in the ward of Pueblo, township of Barceloneta, composed of 189.75 *cuerdas* of land, situated in the said ward, and a house which was the private property of Catalina Juliá, also situated in the town of Barceloneta, all for the sum of thirty-four thousand six hundred *pesos*, current coin, as is set out in the second clause of the aforesaid instrument, of which sum the vendor Catalina Juliá acknowledged to have received fourteen thousand six hundred *pesos;* the balance amounting to twenty thousand *pesos*, current coin, to be paid on maturity by the purchaser, in gold or silver excluding all paper money, to the vendors jointly or severally, or to their successors, within the term of fifteen years from the date of the execution of the aforesaid deed, namely on the 7th of June, 1909, the vendees during all this time to pay interest at the rate of 8 per cent per annum on the

en la cláusula segunda de la precitada escritura y de los cuales confesó recibidos la vendedora Doña Catalina Juliá, catorce mil seiscientos pesos, y el resto, ascendente á veinte mil pesos, moneda corriente, á su vencimiento, lo pagaría la Sociedad compradora en oro ó plata y con exclusión de todo papel moneda, á las señoras vendedoras, mancomunada ó solidariamente á sus sucesores, en el término de 15 años, á contar desde la fecha de este otorgamiento, ó sea, el día 7 de Junio de 1909, satisfaciendo los deudores durante todo ese plazo el interés del ocho por ciento anual, pagadero en la expresada moneda, por mensualidades vencidas y en el domicilio de las acreedoras; siendo el pago de esta renta mensual, condición tan esencial del aplazamiento antes consignado, que si los compradores ó sus causahabientes dejasen en cualquier tiempo de satisfacer seis mensualidades del expresado interés, por esa omisión. solamente se entenderá vencido, desde luego, el plazo estipulado para el pago de los veinte mil pesos y con acción las señoras vendedoras, ó sus causahabientes, para reclamar ejecutivamente la suma total y sus intereses, que lo mismo en este caso, que en el del vencimiento normal del término convenido, seguirían devengándose hasta que se realizara el completo pago de la suma adeudada; é hipotecando los compradores, Balseiro y Georgetti, á la seguridad de dicho precio aplazado, y de sus intereses, las ciento ochenta y nueve cuerdas setenta y cinco céntimos que componían originariamente la Hacienda "Plazuela", y la casa de Barceloneta, y por mil pesos más para costas, en el caso de procederse ejecutivamente al cobro de la deuda.

*Resultando:* que en 10 de Enero de 1901, el Abogado Don Rafael López Landrón, á voz y nombre de Doña Josefa Cayol y Juliá y de Doña Catalina Juliá y Fábregas, entabló demanda en juicio declarativo de mayor cuantía ante el Tribunal de Distrito de Arecibo, para que se condenara á la Sociedad Balseiro y Georgetti, á que les pagara los intereses convenidos en la escritura de compra-venta de 7 de Junio de

aforesaid sum of money, payable in monthly installments at the domicile of the creditors; the payment of this monthly interest being such an essential condition for the allowance of the term heretofore mentioned, that should the purchasers or their successors at any time fail to pay six installments of the aforesaid monthly interest, by such failure the term stipulated for the payment of twenty thousand *pesos* shall be considered as having expired, the vendors or their successors having then a right to institute an executory action for the recovery of the total amount of the principal, and interest accruing thereon, the same as in the case of the ordinary expiration of the term agreed upon, up to the time when the debt shall be paid in full; the purchasers Balseiro & Georgetti executed, as a guarantee for the payment of the balance of the purchase money remaining unpaid, and for the interest accruing thereon, and for an additional sum of one thousand *pesos*, to cover costs in case executory proceedings were resorted to for the recovery of the debt, a mortgage upon the 189.75 cuerdas which composed the original Plazuela Sugar Estate and the house in Barceloneta. On the 10th of January, 1901, Rafael Lopez Landron Esq., counsel for Josefa Cayol y Juliá, and Catalina Juliá y Fabregas, brought suit in the District Court of Arecibo against Balseiro & Georgetti, to compel them to pay the interest agreed upon in the deed of sale of June 7, 1894, without any discount by reason of the exchange of the provincial money, from August 1, 1900, with legal interest for the delay, and costs; and asking that the proceedings for the tender and deposit of interest accrued up to November of the same year, instituted in the Municipal Court of Manatí by the defendants, be declared null and void. After all the proceedings in the case were had the District Court of Arecibo on August 30, 1901, rendered judgment dissmissing the complaint, and at the same time imposing upon defendants the obligation of continuing to pay the stipulated interest on the twenty thousand *pesos*, the unpaid balance

1894, sin descuento alguno, por razón del canje de la moneda provincial, á partir desde el 1? de Agosto de 1900, con los intereses legales por la mora y las costas, y que se declarasen nulas y de ningún valor las diligencias de ofrecimiento de pago y consignación, intentadas por la Sociedad demandada en el Juzgado Municipal de Manatí, de los intereses vencidos hasta Noviembre del mismo año; y que seguido el pleito por todos sus trámites, dictó sentencia el Tribunal del Distrito de Arecibo, en 30 de Agosto de 1901, por la que declaró sin lugar la demanda, absolviendo de ella á la sociedad demandada, si bien con la obligación de seguir pagando los intereses convenidos de los veinte mil pesos del precio aplazado, en moneda provincial, ó en moneda de los Estados Unidos, al tipo del cambio, ó sea sesenta centavos, moneda acuñada de los Estados Unidos, por peso de cuño puertorriqueño; declarando, además, ineficaces las consignaciones hechas por Balseiro y Georgetti á los efectos del expresado litigio, sin especial condenación de costas; contra cuya sentencia se interpuso por Doña Josefa Cayol recurso de casación, por infracción de ley, que fué declarado sin lugar por este Tribunal Supremo, en sentencia de 22 de Abril de 1902.

*Resultando:* que con copia certificada de dicha sentencia y de la escritura hipotecaria de 7 de Junio de 1894, y una certificación expedida por el Registrador de la Propiedad de Arecibo con fecha 11 de Julio de 1902, de no aparecer cancelado dicho crédito hipotecario, ni hallarse pendiente de cancelación, según los asientos del Libro Diario, y expresiva de los demás gravámenes que pesaban sobre las fincas hipotecadas, y que éstas no habían sido trasmitidas á ningún tercer poseedor, presentó escrito el Abogado Don Rafael López Landrón á nombre de Doña Josefa Cayol, ante el mismo Tribunal del Distrito de Arecibo, en 31 del mismo mes de Julio, iniciando el presente procedimiento sumario, y en cuyo escrito, haciendo mérito de los antecedentes que quedan relacionados, y especialmente de lo convenido en la cláusula segunda de la escritura hipotecaria de referencia, sobre

of the purchase price, in provincial money or in United States currency at the established rate of exchange, namely sixty cents United States coin for one dollar Porto Rican coin; and declared without effect the deposit made by Balseiro & Georgetti for the purposes of the suit, without making any imposition of costs. From this decision Josefa Cayol took an appeal in cassation for error of law to this Supreme Court, where the same was dismissed by judgment rendered April 22, 1902. Rafael López Landrón Esq., counsel for Josefa Cayol, on the 31st, of July of the same year, filed a complaint in the District Court of Arecibo, together with a certified copy of the aforesaid decision and of the mortgage deed of January 7, 1894, and a certificate issued by the Registrar of Property of Arecibo, under date of July 11, 1902, attesting that said mortgage had not been cancelled and was not pending cancellation according to the entries contained in the day-book; including a memorandum of the other encumbrances affecting the mortgaged property, and stating that the latter had not been transferred to a third possessor, instituting the present summary proceedings, and in which complaint the above particulars were enumerated, special reference being made to clause two of the mortgage deed, whereby a default in the payment of the interest agreed upon, for a period of six months, would be considered tantamount to a termination of the time allowed for the payment of the balance of the purchase price of twenty thousand *pesos*, and the vendors would have a right to bring an executory action for the recovery of the total amount of principal and interest, inasmuch as the firm of Balseiro & Georgetti had failed to satisfy the interest agreed upon in the mortgage deed, from July 30, 1900, when the exchange of the provincial currency for that of the United States took place, to June 30, 1902; and although they had attempted to avail themselves of the privilege of making the deposit for that purpose in the Municipal Court of Manatí, said deposit had been de-

que la falta de pago de seis mensualidades de los intereses con-
venidos, sería motivo suficiente para que se entendiera ven-
cido el plazo para el pago de los veinte mil pesos restantes
del precio y con acción las vendedoras para reclamar ejecu-
tivamente dicha suma total y sus intereses, en razón á que
desde el 30 de Julio de 1900, en que se había verificado el
canje de la moneda provincial, por la del cuño·de los Estados
Unidos, hasta el 30 de Junio de 1902, la Sociedad Balseiro y
Georgetti había dejado de satisfacerle los intereses convenidos
en la escritura de compra-venta, y que si bien había inten-
tado acogerse al beneficio del ofrecimiento y consignación en
pago, en el Juzgado Municipal de Manatí, se había declarado
ineficaz y nula dicha consignación, por el mismo Tribunal de
Arecibo, en la sentencia dictada en el pleito anterior seguido
por la promovente contra la citada Sociedad Balseiro y
Georgetti, por la·que debían estimarse vencidos los veinte
mil pesos del precio aplazado de la compra-venta, según lo
convenido en la citada cláusula segunda de la escritura
hipotecaria, y en aptitud la promovente para cobrarlos ejecu-
tivamente con los intereses estipulados, por cuyos funda-
mentos, concluyó solicitando se tuvieran por cumplidos los
requisitos legales de iniciación del procedimiento de apremio,
previsto en el artículo 169 del Reglamento de la Ley Hipo-
tecaria y que en su consecuencia se requiriera á la Sociedad
Balseiro y Georgetti, para que en el término de veinte días
verificara el pago de los veinte mil pesos del precio aplazado,
montantes con los descuentos correspondientes, á la suma de
doce mil dollars, con más los intereses caidos hasta el 30 de
Junio anterior, ascendentes en junto, á mil setecientos cin-
cuenta y nueve dollars setenta y ocho centavos, más los que
se devengaran en lo sucesivo, al tipo del ocho por ciento
anual, hasta el día del efectivo pago y las costas; á lo que se
declaró no haber lugar por auto de 2 de Agosto siguiente,
por no estimarse vencido el crédito y porque en los docu-
mentos que se acompañaban á la demanda, no se habían
observado los requisitos exigidos por el artículo 169 del Re-

clared null and void by the District Court of Arecibo, in
its decision rendered in the previous action prosecuted by
plaintffs against Balseiro & Georgetti; for this reason the
twenty thousand *pesos* of the purchase money left unpaid
should be considered as due according to the terms of clause
two of the aforesaid mortgage deed, plaintiff being entitled to
recover said amount with the stipulated interest, by means
of a summary proceeding. Plaintiff therefore prayed that,
pursuant to article 169 of the regulations for the execution
of the Mortgage Law, Balseiro & Georgetti be ordered to pay
within 20 days the said sum of twenty thousand *pesos*, the
said sum, after the proper discounts are made, being equi-
valent to twelve thousand dollars United States currency,
besides the interest due up to the 30th of June last, amount-
ing to one thousand seven hundred and fifty-nine dollars
and seventy-eight cents and also the interest at the rate of
eight per cent per annum up to the date of payment, and
costs. On August 2, 1902, this complaint was dismissed,
the Court holding that the debt was not due, because in
the documents accompanying the complaint the formali-
ties prescribed by article 169 of the regulations for the exe-
cution of the Mortgage Law had not been complied with.
A motion for reconsideration of this decision having been
made, the same was overruled by an order of the 9th of
the said month for the reasons before stated; but with
the explanation that the defect in the documents present-
ed consisted in the fact that the Registrar's certificate
dated back twenty days before the instutition of the suit,
while according to article 169 of the regulations, it should
not have exceeded fifteen days. From this order an
appeal in cassation for violation of law was taken by
Josefa Cayol, the appeal being accompanied by a new
certificate from the Registrar of Arecibo dated after the
institution of the suit, for the purpose of correcting the
defect contained in the previous one, and the appeal having
been allowed and the record sent up to this Court, the

glamento de la Ley Hipotecaria, y que pedida reposición de este provisto, se declaró también sin lugar, por auto de 9 del mismo mes, por los mismos fundamentos del anterior, pero aclarándose que el defecto de los documentos presentados consistía en ser la certificación del Registrador de la Propiedad, que se había acompañado, de fecha anterior á la presentación de la demanda en 20 días, cuando según el artículo 169 del Reglamento no podía exceder de quince.

*Resultando:* que contra este provisto se interpuso por la representación de Doña Josefa Cayol, recurso de casación por infracción de ley, acompañando con el escrito de interposición del recurso, una nueva certificación del Registrador de la Propiedad de Arecibo, de fecha posterior á la presentación de la demanda, con el objeto de subsanar el defecto que contenía la anterior, y admitido el recurso y elevados los autos á esta Superioridad con citación y emplazamiento de la parte recurrente, personada ésta, se le entregaron los autos para formalizar el recurso, como así lo verificó, fundándolo en los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, y alegando como motivos del recurso, los siguientes:

I.—Infracción de la cláusula segunda del contrato hipotecario de 7 de Junio de 1894; porque si fué pacto expreso en esa cláusula segunda el del vencimiento de toda la deuda para los efectos del apremio judicial, con la sola circunstancia de haberse dejado transcurrir seis mensualidades consecutivas de intereses, sin abonarlos, era claro como la luz, que no habiendo satisfecho los deudores Balseiro y Georgetti, nada menos que 22 meses sucesivos de intereses, desde el 30 de Julio de 1900 al 30 de Junio de 1902, de cuyas mensualidades no habían presentado recibos ni cartas de pago en el Registro, ha debido necesariamente, en observancia de esa cláusula segunda, admitirse la demanda ejecutiva, despachándose el requerimiento de apremio, puesto que siendo semejante pacto perfectamente lícito, era obligatorio, con todas sus consecuencias, con arreglo á los artículos 1,255, 1,256, 1,258 y 1,278 del Código Civil; que habían sido infringidos.

II.—Infracción del artículo 122 de la Ley Hipotecaria. Porque si es notorio que la hipoteca ha de subsistir íntegra mientras no se cancele, como lo previene aquella regla del derecho, se contraviene á ésta, cuando se de-

appellant being cited to appear and she having entered
her appearance, the record was delivered to her in order
that she might perfect the appeal, which she did, basing the
same on paragraphs 1 and 7 of article 1690 of the Law of
Civil Procedure, alleging the following grounds to wit:

I.—Violation of clause two of the mortgage contract of June 9, 1894, after
it having been expressly ageed in said clause two that upon a failure to pay
the interest during six successive months the whole debt would be considered
due, for the purposes of the executory proceeding, and inasmuch as Balseiro
& Georgetti had failed to pay no less than twenty-two monthly installments
of interest from July 30, 1900, to June 30, 1902, for which they had
presented no receipts at the Registry of Property, it is evident that pursuant
to the aforesaid clause two, the executory action should have been sustained
and the writ of execution issued, for said agreement having been perfectly
legitimate it was binding in every respect according to Articles 1255, 1256,
1258 and 1278 of the Civil Code, which had been violated.

II.—Violation of Article 122 of the Mortgage Law; for if it is manifest
that the mortgage shall continue in force so long as the same remains uncan-
celled, as prescribed by said Article, the same is violated when the collection
of uncancelled interest is refused, as if satisfied or extinguished.

III.—Violation of Articles 168, 169 and 170 of the regulations for the
execution of the Mortgage Law, because having in view the spirit and the
correct interpretation of the said articles, a decree of execution and summons
to pay the principal and interest cannot be refused, except when from a
recent certificate issued by the Registrar of Property, they should appear to
have been extinguished.   In conformity with the intent of Article 122 of the
special law governing mortgages, they continue in force in all respects so
long as they remain unextinguished by cancellation.   Hence a misconception
of the fundamental idea contained in these rules.

IV.—Violation of Article 1157 of the Civil Code, in its relation with
Articles 1176 *et seq.* The first of said articles establishes a legal presumption
*juris et de jure*, in the absence of evidence to the contrary, by virtue of
which a debt shall not be considered as satisfied until the full amount owing
shall have been paid.   The lower court, in contravention of this law, pre-
sumes that certain installments of interest were satisfied, from the mere fact
of an attempt having been made to effect a deposit of a part thereof, thereby
committing the error of law of considering as valid, for the purposes of
extinguishing a mortgage debt, a deposit that had been declared null and
void,—which necessarily involves a manifest disregard of Article 1180 of the

niega el cobro de intereses no cancelados, que se estiman satisfechos, cual si estuvieren extinguidos ó no subsistentes.

III.—Infraccion de los artículos 168, 169 y 170 del Reglamento Hipotecario, toda vez que, atendido el espíritu y la recta inteligencia de dichos artículos, no puede negarse la ejecución y el requerimiento de pago por capital é intereses, sino en cuanto resulten extinguidos de la certificación reciente expedida por el Registro de la Propiedad. En consonancia con el propósito establecido en el artículo 122 de la Ley especial que rige las hipotecas, viven y subsisten éstas con todos sus efectos legales, mientras no se extingan por la cancelación. De aquí una inteligencia poco acertada del pensamiento fundamental contenido en aquellos preceptos reglamentarios.

IV.—Infracción del artículo 1157 del Código Civil, en sus enlaces con el 1176 y siguientes. Establece el primero de dichos artículos una presunción legal "juris et de jure", sin prueba en contrario, por virtud de la cual, mientras no se hayan entregado completamente las cantidades adeudadas, no se entiende satisfecha la deuda. La Sala sentenciadora, contraviniendo esta Ley, supone satisfechos intereses, á pretexto de haberse intentado consignar una parte de ellos y por ende incúrrese en el error de derecho de apreciar como valedera, á los efectos de extinguir el crédito hipotecario, una consignación declarada ineficaz, y ello envuelve necesariamente la manifiesta oposición é inobservancia del artículo 1180 del Código Civil, especialmente en su párrafo último, porque según él, mientras no recae la resolución judicial de que está bien hecha la consignación, subsiste la deuda íntegramente, y, en su consecuencia, subsistente la total deuda de intereses, quedó, como ya se ha dicho, vencido enteramente el capital hipotecario.

V y último.—Por error de hecho en la apreciación de la parte dispositiva de la sentencia ejecutoria. El fallo de la Corte de Arecibo que lleva fecha 30 de Agosto de 1901 y que figura certificado en los autos principales por referencia del Supremo en casación, termina diciendo en su parte dispositiva de esta manera: "se declaran ineficaces las consignaciones de intereses, hechas por Balseiro y Georgetti, á los efectos del litigio ordinario; pero no se declara, como se supone, tácitamente, que las tales consignaciones son eficaces para los efectos del procedimiento de apremio.

Abogado del recurrente: *Sr. Lopez Landrón.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que con arreglo al artículo 169 del Reglaménto dictado para la ejecución de la Ley Hipotecaria en esta Isla, con el escrito inicial del procedimiento sumario es-

Civil Code, and especially the last ·paragraph thereof, for according to the said Article, until a judicial decision has been rendered, declaring the deposit to have been properly made, the whole debt continues to exist, and as the total amount due for interest remains unpaid, it follows as already stated, that the full amount of the mortgage deed has fallen due.

V, and last.—For error of fact in taking into consideration that portion of the judgment rendered in the executory action which disposes of the case. The judgment of the Arecibo Court rendered under date of August 30, 1901, a certified copy of which appears among the principal papers contained in the record, referred to by the Supreme Court in a former appeal, in that portion thereof disposing of the case, reads as follows: "The deposits of interest money made by Balseiro & Georgetti are declared null and void for the purposes of the ordinary suit"; but it does not declare, as is tacitly implied, that such deposits are effectual for the purposes of the executory proceeding.

*Mr. Rafael Lopez Landrón* for appellants.

MR. CHIEF JUSTICE JOSÉ S. QUIÑONES, after making the above statement of facts, rendered the opinion of the Court:

According to article 169 of the Regulations for the execution of the Mortgage Law in this Island, with the first pleading filed in the summary proceeding established by Article 128 of the aforesaid law, for the foreslosure of mortgages, there must be presented in addition to proof as to the capacity of the plaintiff or his representative to sue, the instrument or instruments of the credit, with a memorandum of their record, and the other formalities required by the law of Civil Procedure for the issuance of a decree of execution; a certificate of the registrar of property bearing a date subsequent to that on which the obligation falls due, declaring that the mortgage does not appear to have been cancelled and that it is not pending cancellation, according to the day-book, together with the other matters set out in paragraph 3 of Article 169; which certificate, as expressly provided by said Article, cannot date back more than fifteen days prior to the institution of the proceedings; and according to the following article, the judge shall examine the complaint and the documents upon which it is

tablecido por el artículo 128 de la citada ley para la ejecusión de los créditos hipotecarios, debe presentarse, además de los comprobantes de la personalidad del actor, ó de su representante, y el título ó títulos del crédito, con la nota de su inscripción, y demás formalidades que la ley de Enjuiciamiento Civil exige para autorizar los mandamientos de ejecución, una certificación del Registrador de la Propiedad, de fecha posterior á la del vencimiento de la obligación, que declare no constar cancelado el gravámen hipotecario, ni hallarse pendiente de cancelación según el Diario, con los demás particulares que en el número 3 de dicho artículo 169 se determinan, y cuyo certificado, según terminante prescripción del mismo artículo, no podrá ser de fecha anterior, en más de quince días, á la presentación de la demanda; y según el artículo siguiente, que el Juez examinará el escrito y los documentos que lo instruyan, y si considera cumplidos los requisitos legales, sin más trámites, dictará auto mandando hacer el requerimiento de pago á los que, según la certificación del Registro, estuvieren en posesión de los bienes hipotecados; pero que si no considera cumplidos dichos requisitos, denegará también, por medio de auto, el requerimiento solicitado.

*Considerando:* que no habiendo cumplido la representación de Doña Josefa Cayol con todos los requisitos prevenidos por el artículo citado del Reglamento, puesto que la certificación del Registrador que presentó con su demanda, era anterior, en veinte días, á la fecha de la presentación de aquélla, cuando según dicho artículo no podía exceder de quince días, no procedía despacharse el requerimiento de pago solicitado por la promovente, por lo que, al declararlo así la Sala sentenciadora, léjos de haber infringido, ha aplicado rectamente los artículos 168, 169 y 170 del Reglamento de la Ley Hipotecaria.

*Considerando:* que si bien para subsanar aquel defecto presentó la representación de Doña Josefa Cayol, con el escrito de interposición del presente recurso, una certifica-

based, and should he consider that the legal requirements have been complied with, he shall issue a decree without further proceedings requiring payment to be demanded of the persons who, according to the certificate of the registrar, are in possession of the mortgaged property; but should he consider that said requirements have not been complied with he should refuse, also by means of a decree, the demand made. Inasmuch as Josefa Cayol did not comply with all the requirements prescribed by said article of the regulations, since the certificate of the Registrar filed by her with the complaint, was dated twenty days prior to the date on which the proceedings were instituted, while, according to the provisions of said Article, the proceedings should have been instituted within fifteen days after the date of such certificate, the order requiring payment to be made, which was applied for by the plaintiff, could not properly be issued; that in so deciding the trial court, instead of controvening, correctly applied Articles 168, 169 and 170 of the Regulations for the execution of the Mortgage Law. Although for the purpose of correcting this defect counsel for Josefa Cayol filed with the appeal a certificate of the Registrar, dated after the institution of the proceeding, this document cannot be taken into account by this Court, which can only consider such documents as had been before the lower court while rendering the decision appealed from, such not having been the case with the certificate in question, which was presented at the wrong time and had not been considered by the trial court, and which does not appear to have been ordered to be included in the record. Inasmuch as a failure to comply with the requirements of Article 169 of the Regulations for the Execution of the Mortgage Law, should be considered sufficient cause for refusing to issue a decree requiring the debtor to pay, pursuant to Article 170 of the said Regulations it is needless to discuss the other grounds on which the appeal is based.

ción del Registrador, de fecha posterior á la demanda, ese documento no puede ser tomado en consideración por este Tribunal Supremo, que para resolver en casación, sólo puede apreciar los documentos que haya tenido presentes la Sala sentenciadora, al dictar la resolución recurrida, lo que no ha tenido lugar en la certificación de que se trata, que ha sido presentada fuera de tiempo y que no ha sido calificada por el Tribunal sentenciador, de tal manera, que ni siquiera consta que dispusiera su agregación á los autos.

*Considerando:* que debiendo estimarse la omisión de cualquiera de los requisitos del artículo 169 del Reglamento Hipotecario, como un defecto suficiente para denegar el requerimiento de pago del deudor, según lo prescribe el artículo siguiente del citado Reglamento, es ocioso entrar á discutir los demás motivos en que se funda el recurso.

*Se declara* no haber lugar al recurso de casación por infracción de ley interpuesto por Doña Josefa Cayol y Juliá, á quien condenamos en las costas.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

It is hereby declared that the appeal in cassation for error of law, taken by Josefa Cayol y Juliá, does not lie, and the same is dismissed with costs.